UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Jesse Thaler    Brian Paino
    Kristina Pelletier

**Proceedings:** **Defendant's Motion to Dismiss for Failure to State a Claim Upon which Relief Can be Granted (Fld 7-17-15)**

**Plaintiff's Motion to Remand (Fld 7-29-15)**

**Defendant Fay Servicing's Joinder in Motion to Dismiss (Fld 9-9-15)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel submit on the Court's tentative ruling. The Court DENIES the plaintiff's motion to remand and GRANTS the Defendants' motion to dismiss in accordance with the tentative ruling as follows:**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Western Progressive, LLC ("Western Progressive") (collectively, "Defendants") move to dismiss the complaint against it filed by Plaintiff Noe Canas ("Canas"). (Docket No. 8.) Canas opposes. (Docket No. 12.) Defendants have replied. (Docket No. 14.)

Canas moves to remand the action to Orange County Superior Court. (Docket No. 13.) Defendants oppose. (Docket No. 17.) Canas has replied. (Docket No. 20.)

Defendant Fay Servicing ("Fay Servicing") also moves to dismiss the complaint. (Docket No. 22.) Canas's complaint does not mention Fay Servicing once or state any claims against it. (Fay Servicing's Mot. Dismiss 1.) Canas has not replied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1100 JVS (JCGx)                              Date  September 21, 2015

Title  Canas v. Ocwen Loan Servicing, LLC, et al.

     For the following reasons, the Court DENIES Canas's motion to remand and GRANTS Defendants' motion to dismiss.  The Court also GRANTS Fay Servicing's motion to dismiss.

I.     REQUEST FOR JUDICIAL NOTICE

     Pursuant to Fed. R. Evid. 201, Defendants bring requests for judicial notice.  In support of their motion to dismiss, Defendants request that the Court take judicial notice of a list of mortgage servicers that have foreclosed on more than 175 residential real properties during an applicable reporting period, published by the California Department of Business Oversight.  (Docket No. 9.)  In opposition to Canas's motion to remand, Defendants request that the Court take judicial notice of the following documents: (1) County of Orange Treasurer-Tax Collector's Property Tax Information for Fiscal Year 2014-2015 for real property located at 544 N. Thomas Street, Orange, CA 92869; (2) United States Department of the Treasury Home Affordable Modification Program Supplemental Directive 09-01, dated April 6, 2009; and (3) London Interbank Offered Rates, effective September 16, 2014, published in the Wall Street Journal on or about August 24, 2015.  (Docket No. 18.)

     The Court notes that the facts in the documents at issue are accurately and readily determined sources whose accuracy cannot be questioned.  See Fed. R. Evid. 201(b).  Furthermore, Canas has not objected to Defendants' request.  Accordingly, the Court takes judicial notice of the aforementioned documents.

II.     BACKGROUND

     The above-titled case is a mortgage loan modification dispute between Canas, a homeowner, and Defendants, entities servicing Canas's home mortgage loan.  (Compl. ¶¶ 1-3; Docket No. 1-1.)  The following facts are alleged in Canas's complaint against Defendants.

     On October 25, 2007, Canas purchased a single-family home (the "Property") with the assistance of a $498,750 mortgage loan from Countrywide Bank, FSB.  (Compl. ¶ 8, 10.)  Ocwen is now the loan servicer.  (Compl. ¶ 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

  In 2014, Canas defaulted on his loan. (Compl. ¶ 13.) Defendants recorded a Notice of Default against the Property on October 22, 2014. (Compl. ¶ 13.) The Notice of Default contained a "California Declaration of Compliance," stating that "The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosures as required by Cal. Civ. Code § 2923.55. Thirty days, or more, have passed since these due diligence requirements were satisfied." (Compl. ¶ 14.)

  Canas alleges that he was not contacted as specified in the declaration, nor was he contacted after recordation as required by Cal. Civ. Code § 2924.9. (Compl. ¶¶ 14-15.) After the recordation, Canas sought loss mitigation services from Ocwen. (Compl. ¶ 16.) Canas contacted Ocwen to pursue a loan modification. (Compl. ¶ 17.) Ocwen provided Canas with information regarding submitting a loan modification and encouraged him to apply. (Compl. ¶ 17.) Canas submitted a completed loan modification application and a qualified written response on January 20, 2015. (Compl. ¶ 18.) Canas contacted Ocwen "a few days thereafter" to request a single point of contact, which Ocwen advised would be appointed shortly. (Compl. ¶ 19.) Canas did not receive any information or a single point of contact from Ocwen for the first month. (Compl. ¶ 20.)

  On February 23, 2015, Canas spoke with an Ocwen representative who requested updated financial information from Canas. (Compl. ¶ 21.) Canas provided the requested information via fax. (Id.)

  On March 18, 2015, Canas confirmed with Ocwen that his loan modification application was complete and pending review. (Compl. ¶ 25.)

  Canas again requested a single point of contact, but was not provided one in writing. (Compl. ¶ 27.)

  Canas has initiated all communication with Ocwen regarding the loan modification application. (Compl. ¶ 30.) Ocwen has not contacted Canas to explore other foreclosure alternatives. (Id.) Canas alleges that Ocwen's processing of his loan modification application has been inadequate and illogical, particularly because the Property's sale date is still on schedule. (Compl. ¶¶ 33-34.) Canas also alleges that Defendants' negotiations with him regarding his loan modification have not been in good faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

(Compl. ¶ 36.)

Based on the foregoing, Canas filed a complaint against Defendants in Orange County Superior Court on June 8, 2015. (See Docket No. 1.) Canas asserted the following claims against Defendants: (1) violations of California's Homeowner Bill of Rights ("HBOR"), specifically §§ 2923.5, 2923.6, 2924.18, 2924.19, 2923.7, and 2924.10; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) negligent misrepresentation; and (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (Compl. ¶¶ 38-108.)

III.   MOTION TO REMAND

    **A.**   **Legal Standard**

    1.   Removal Generally and the Court's Duty to Remand Where Jurisdiction Uncertain

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district must remand the action back to the state court from which it was removed. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

    2.   Diversity Jurisdiction

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1100 JVS (JCGx)   Date   September 21, 2015

Title   Canas v. Ocwen Loan Servicing, LLC, et al.

Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). In other words, diversity jurisdiction only exists if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). The parties' citizenship is assessed as of the date the plaintiff filed the Complaint. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957).

To satisfy the amount in controversy requirement of § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). Where it is not evident from the face of the complaint that more than $75,000 is at stake, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citation omitted).

B.   Discussion

Canas argues that removal of his state law causes of action to this Court was improper because Defendants have not shown that the amount in controversy has been met.[1] (Mot. Remand 4.) Canas notes that his complaint does not specify a total amount of damages exceeding $75,000. (Id.) He also argues that his request for injunctive relief does not put more than $75,000 in issue because he seeks only a temporary injunction against foreclosure pending Defendants' consideration of "a true and signification loan modification." (Id. at 4-5.)

However, as Defendants correctly note, Canas's request for an injunction prohibiting Defendants "from conducting further foreclosure activity in particular, recording a Notice of Default, Notice of Trustee's Sale and/or conducting a Trustee's Sale of the subject property," is not limited to the time pending loan modification review. (See Complaint at 18, Docket No. 1-1.) Canas's requested relief, if granted, would have the effect of prohibiting Defendants from foreclosing on Canas's property. When a plaintiff seeks to enjoin the foreclosure and sale of a home, the value of the home or the value of the outstanding indebtedness may be considered as the amount in controversy. Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973); see also Field v. Bank of Am., Case No. 15-cv-01261-NJV, 2015 WL 2406823, at *2 (N.D. Cal. May 19,

---

[1] The diversity of the parties' citizenship is not disputed. (See Mot. Remand 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

2015).

    Here, there are multiple indicators that the value of the property exceeds $75,000. First, the property was used to secure a loan of $498.750. (Compl. ¶ 8.) Second, the Orange County Office of the Tax Assessor estimated the land value at $480,000 for the 2014 tax year. (RJN, Ex. 1.) Finally, the fair market value of the home was appraised at $390,000 on September 17, 2014. (Fan Decl. ¶ 5.)

    Because the value of the home in question exceeds $75,000 and because Canas's request for injunctive relief preventing its sale puts that value at issue in this action, the amount in controversy is met. The Court sees no other barrier to the exercise of diversity jurisdiction. Accordingly, remand is unwarranted.

IV.    MOTION TO DISMISS

    A.    **Legal Standard**

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1100 JVS (JCGx)   Date  September 21, 2015

Title  Canas v. Ocwen Loan Servicing, LLC, et al.

**B.  Discussion**

Defendants argue that each of Canas's claims should be dismissed. The Court will address each claim in turn.

    1.  HBOR Claims

        a.  *Section 2923.5*

Cal. Civ. Code § 2923.5 imposes specific procedural requirements on servicers prior to recording a notice of default. Section 2923.5 applies only to those entities, that during their "immediately preceding annual reporting period . . . foreclosed on 175 or fewer residential real properties . . . " (i.e. a "small" servicer). See Cal. Civ. Code §§ 2923.5(g), Cal. Civ. Code § 2924.18.

Defendants argue that Canas has failed to state a claim for violation of § 2923.5's procedural requirements because Canas has not alleged that Ocwen is a "small servicer." Canas has not replied to this argument. (See Opp'n Mot. Dismiss 6-9; Reply 2-3.) Accordingly, the Court agrees that Canas has failed to state a legally cognizable claim against Defendants for violation of § 2923.5.

        b.  *Sections 2923.6, 2924.18, and 2924.19*

Cal. Civ. Code § 2923.6 provides that a servicer shall not record a notice of default, notice of sale, or conduct a trustee's sale if a borrower submits a complete application for a first lien loan modification and the application is still pending. Defendants argue that Canas has failed to state a § 2923.6 violation because his allegations admit that he did not file a loan modification application until months after the notice of default had been recorded. (Mot. Dismiss 5-6; see Compl. ¶¶ 13, 18.) Defendants further note that Canas has not alleged that Defendants have recorded a notice of sale or conducted a trustee's sale of the Property. (Mot. Dismiss 5-6.) Therefore, Defendants argue, Canas has failed to state an actionable claim against them. The Court agrees. Canas has not substantively addressed Defendants' arguments on this claim, aside from baldly asserting that Defendants "failed to properly review [Canas] and dual-tracked [Canas] with the recording of a Notice of Default while [Canas] was in active

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1100 JVS (JCGx)                                Date  September 21, 2015

Title     Canas v. Ocwen Loan Servicing, LLC, et al.

review."  This assertion belies the clear pleading in Canas's complaint that the notice of default was recorded on October 22, 2014, and Canas applied for a loan modification on January 20, 2015.  (Compl. ¶¶ 13, 18.)

As discussed supra, Cal. Civ. Code § 2924.18 applies only to "small" servicers, and there is no allegation in the complaint that Ocwen is a small servicer.  Therefore, this claim also must be dismissed.

Finally, Defendants argue that Canas has not stated a claim for injunctive relief under Cal. Civ. Code § 2924.19 because he has failed to allege a material violation of §§ 2923.5 or 2924.18.  Because the Court concludes supra that Canas has not stated a claim for any violation (material or otherwise) of either statute, Canas has not stated facts sufficient to show entitlement to injunctive relief under § 2924.19.

Accordingly, the aforementioned claims must be dismissed.

        c.     *Section 2923.7*

Cal. Civ. Code § 2923.7 requires a mortgage servicer to establish a single point of contact between it and a borrower upon the borrower's request for a foreclosure prevention alternative.  Cal. Civ. Code § 2923.7(a).  Canas alleges that he requested a single point of contact (Compl. ¶ 19) and did not receive one (Compl. ¶¶ 27, 32).  Defendants argue first that Canas's claim should be dismissed because he failed to allege facts sufficient to show that he was not appointed a single point of contact.   Defendants essentially urge the Court to infer based on Canas's allegations of communications with various representatives of Defendants that a single point of contact was appointed.  However, the Court finds that Canas's express allegations that Defendants did not appoint a single point of contact after his direct request are sufficient to state a violation of § 2923.7.  Canas's additional allegations that he was able to communicate with various representatives of Defendants do not undermine his claim, even though a servicer may appoint a "team of individuals" as a single point of contact under Cal. Civ. Code § 2923.7(e).

However, Canas's claim is not ripe.  Ripeness is necessary for a dispute to be a "case or controversy" within the meaning of Article III of the U.S. Constitution.  See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

Allen v. Wright, 468 U.S. 737, 750 (1984). "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Bova, 564 F.3d at 1096 (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). This is because "if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." Id. (citing Lujan, 504 U.S. at 560). Canas does not allege that he has been denied a loan modification, which is necessary to show any harm resulting from Defendants' single point of contact violation. It is possible that the loan modification still may be granted, eliminating the controversy between the parties.

Therefore, Canas's § 2923.7 claim must be dismissed.

    d.  *Section 2924.10*

Cal. Civ. Code § 2924.10 requires a mortgage servicer to provide written acknowledgment of receipt of a borrower's complete first lien modification application within five business days of receipt. Canas claims that Defendants violated the statute because he never received written acknowledgment that they received his loan modification application or written acknowledgment of the documents submitted. (Compl. ¶ 68.) Defendants argue that Canas's claim is insufficient because the statute does not require Canas to actually receive the acknowledgment but rather requires only that Defendants send the acknowledgment. (Mot. Dismiss 8.) The Court disagrees. The Court can think of no other way a plaintiff in Canas's position would be able to allege that Defendants did not send an acknowledgment other than to say that he did not receive it.

However, as discussed supra Part B.1.c, because Canas has not alleged that he has been denied a loan modification, the claim is not ripe for adjudication.

For the foregoing reasons, Canas's § 2924.10 claim must be dismissed.

    2.  Breach of Contract Claim

Defendants argue that Canas has not pled facts sufficient to show all elements of a breach of contract. The elements of a claim for breach of contract are "(1) the contract,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

(2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." Wall Street Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (2008). The Court agrees with Defendants that Canas has not sufficiently pled that the existence of a contract between Defendants and Canas entitling Canas to a loan modification or obligating Ocwen to reconsider and/or renegotiate the loan. (See Mot. Dismiss 10.) Assuming that the Deed of Trust is a contract between Defendants and Canas, Canas has pointed to no specific provision that justifies his belief that he was entitled to a loan modification by contract. (See Opp'n Mot. Dismiss 10.) In any event, even if Defendants were contractually obligated to offer Canas a loan modification, Canas does not allege any breach or damages because he does not allege that his loan modification application has been denied.

Accordingly, Canas has failed to state a claim for breach of contract.

### 3. Breach of the Implied Covenant Claim

The covenant of good faith and fair dealing is implied in every contract and "prevent[s] one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349 (2000). However, the implied covenant does not "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Id. at 349-50.

Here, Canas alleges that Ocwen breached the implied covenant by failing to assist him in pursuing loss mitigation options (Compl. ¶ 83) and failing to follow its own guidelines in considering or accepting Canas's request for a loan modification (Compl. ¶ 84).

The Court agrees with Defendants that Canas has not stated a claim for breach of the implied covenant because his allegations do not show how he was contractually entitled to a loan modification. Assuming for the sake of argument that the Deed of Trust is a contract binding the present parties, Defendants' failure to assist Canas in obtaining a loan modification cannot be said to be unfairly frustrating Canas's rights under the agreement. To impose such obligation would be to impose requirements on Defendants beyond the specific terms of the agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

Therefore, Canas's breach of the implied covenant claim must be dismissed for failure to state a claim.

      4.     Negligent Misrepresentation Claim

Defendants argue that Canas has failed to state a claim for negligent misrepresentation. (Mot. Dismiss 12.) The elements of a negligent misrepresentation claim under California law are: "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc., 171 Cal. App. 4th 35, 50 (quoting Apollo Capital Fund LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)). Defendants cannot identify an alleged misrepresentation in Canas's pleadings, and neither can the Court. Canas's allegation that it would assist Canas in modifying the loan "if the law interpreted that the interest or other charges collected exceeds the permitted limits" (see Compl. ¶ 89) is not a misrepresentation because it is not accompanied by an allegation that the interest or other charges are unlawful. (See Mot. Dismiss 12.) Similarly, Canas's claim that Ocwen misrepresented that no foreclosure proceeding were being attempted is also not a misrepresentation because Canas does not allege that foreclosure proceedings have taken place. (See id.) Without a clear statement of the alleged false statement and factual allegations demonstrating why the statement is false, Canas does not state a claim for negligent misrepresentation.

Accordingly, Canas's claim for negligent misrepresentation must be dismissed.

      5.     UCL Claim

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A plaintiff asserting a UCL claim must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." Kwikset, 51 Cal. 4th at 322. There is no causation "when a complaining party would suffer the same harm whether or not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1100 JVS (JCGx) | Date | September 21, 2015 |
| Title | Canas v. Ocwen Loan Servicing, LLC, et al. | | |

defendant complied with the law." Daro v. Superior Court, 151 Cal. App. 4th 1079, 1099 (2007).

As the Court discusses supra Parts B.1.c & d, Canas's § 17200 claim is not ripe for adjudication until Defendants have denied his loan modification application. Accordingly, Canas's § 17200 claim must be dismissed.

V. CONCLUSION

For the foregoing reasons, Canas's motion to remand is DENIED. Defendants' motion to dismiss is GRANTED in its entirety and without leave to amend. Fay Servicing's motion to dismiss is also GRANTED with prejudice.

IT IS SO ORDERED.

| | : | 04 |
|---|---|---|
| Initials of Preparer | kjt | |